**UNITED STATES DISTRICT COURT**
**NORTH DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

KYLA ALEGATA,                              CASE NO.:

      Plaintiff,

vs.

WAL-MART ASSOCIATES,
INC.,
a Foreign Profit Corporation,

      Defendant.

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KYLA ALEGATA ("Ms. Alegata" or "Plaintiff"), by and through her undersigned counsel, sues the Defendant, WAL-MART ASSOCIATES, INC. ("WAL-MART" or "Defendant") and alleges the following:

1.     Plaintiff brings these claims for sex/pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pregnancy Discrimination Act ("PDA") to recover from Defendant back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## JURISDICTION

2.      This Court has original jurisdiction over Plaintiff's claims as they arise under federal law, pursuant to PDA and Title VII, and the actions giving rise to this lawsuit occurred in Walton County, Florida.

3.      On or around September 29, 2021, Plaintiff timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

4.      On or about May 6, 2022, Plaintiff received her Notice of Right to Sue from the EEOC.

5.      Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

## VENUE

6.      Venue is proper because Defendant conducts substantial business in Walton County, Florida, and Plaintiff worked for Defendant in Walton County, Florida, where the actions at issue took place.

## PARTIES

7.      During all times relevant, Plaintiff lived in Walton County, Florida.

8.      Plaintiff is protected by the PDA and Title VII, because:

a.     She was a pregnant female and new mother who suffered

discrimination because of her  sex/pregnancy by Defendant; and

b.     She suffered an adverse employment action and was fired

because of her pregnancy by Defendant.

9.     Defendant was at all material times an "employer" as defined by

the PDA and Title VII as it employed in excess of fifteen (15) employees,

collectively.

10.     Defendant is a foreign profit corporation that operates in, among

other places, Walton County, Florida.

## GENERAL ALLEGATIONS

11.     Ms. Alegata worked as a deli worker and baker for WAL-

MART's Store 1134 located in DeFuniak Springs, Florida from December 7,

2019, until her termination on January 16, 2021.

12.     During her tenure, Ms. Alegata was an excellent worker with no

significant history of attendance, performance, or disciplinary issues.

13.     After Ms. Alegata delivered her child in 2020, WAL-MART

Manager, Denise, and Deli Manager, Brian, harassed Ms. Alegata when she

needed to take breaks to pump breast milk for her infant daughter.

14.     Ms. Alegata would also be constantly interrupted by random

individuals coming into the room while she was pumping breast milk, causing

her great discomfort.

15.     To make matters worse, the room where Ms. Alegata was designated to pump was locked and Ms. Alegata often had to wait (sometimes up until an hour) until management opened the door in order to pump.

16.     Oftentimes in the pumping area, Ms. Alegata would see other men and male employees working on laptops, making her even more uncomfortable.

17.     When Ms. Alegata brought a doctor's note to Deli Manager, Caleb, asking for the reasonable accommodations for her pumping breast milk and pregnancy-related absences, Caleb informed her that WAL-MART does not accept doctor's notes.

18.     On or about January 14, 2021, Ms. Alegata objected to Wal-Mart General Manager, Jackie Faulk, that the aforementioned actions constituted discrimination against her on the basis of her sex/pregnancy in violation of Title VII and the PDA.

19.     Ms. Alegata's objections are considered protected activity under Title VII and the PDA.

20.     On January 16, 2021, just two days after her objections, Caleb unlawfully terminated Ms. Alegata's employment solely based on her pregnancy.

21.     It is clear that Defendant saw Plaintiff's pregnancy and her restrictions/need to pump breast milk as problematic and utilized same as a substantial motivating reason in its decision to terminate her.

22.     Discriminating against a woman who is lactating or expressing breast milk violates both Title VII and the PDA. *EEOC v. Houston Funding II, Ltd.*, 717 F.3d 425 (5th Cir. 2013); *Hicks v. City of Tuscaloosa*, 2015 U.S. Dist. LEXIS 141649, at \*79 (N.D. Ala. Oct. 19, 2015). Lactation is a medical condition of pregnancy for the purposes of the PDA. *See id*.

23.     Ms. Alegata's termination was unquestionably an adverse employment action under the PDA. *See Wallace v. Ga. Dept. of Transp.*, 212 Fed. App'x 799, 802 (11th Cir. 2006). It is clear that Ms. Alegata was terminated because she had a covered medical condition pursuant to the PDA and required and requested reasonable accommodation. *See Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338, 1354 (2015) (stating that "a plaintiff alleging that the denial of an accommodation constituted disparate treatment under the Pregnancy Discrimination Act's second clause may make out a prima facie case by showing, as in McDonnell Douglas, that she belongs to the protected class, that she sought accommodation, that the employer did not accommodate her, and that the employer did accommodate others 'similar in their ability or inability to work'). WAL-MART's actions violated the anti-

discrimination and anti-retaliation provisions of the PDA. *See Holland v. Gee*, 677 F.3d 1047, 1054-55 (11th Cir. 2012) (a plaintiff may prevail under the PDA by showing that her pregnancy "was a motivating factor" for an employment decision).

24.     Title VII further prohibits an employer from discharging an employee on the basis of sex. 42 U.S.C. § 2000e-2(a)(1). When an employee is able to demonstrate that her former employer's employment decisions were motivated by her sex, the employer will be found liable. *See Alexander v. Fulton County*, 207 F.3d 1303, 1339 (11th Cir. 2000). Reviewing courts have emphasized "the central premise of Title VII: workers are to be protected from discrimination on account of gender in the workplace. Congress made a clear choice in enacting Title VII of the Civil Rights Act of 1964 'to strike at the entire spectrum of disparate treatment of men and women in employment.'" *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 813 (11th Cir. 2010), quoting *Meritor Sav. Bank, F.S.B. v. Vinson*, 477 U.S. 57, 64 (1986).

25.     Plaintiff's firing constitutes an adverse employment action as defined by the PDA and Title VII.

26.     At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

6

27.     Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination and retaliation suffered by Plaintiff.

28.     Plaintiff suffered damages, including, but not limited to, lost wages, benefits, compensatory damages, and emotional distress, as a result of Defendant's actions.

29.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## SEX/PREGNANCY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

30.     Plaintiff realleges and adopts the allegations contained in paragraphs 1-29 as if fully set forth in this Count.

31.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex/pregnancy discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

32.     The discrimination to which Plaintiff was subjected was based solely on her sex/pregnancy.

33.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

34.     The conduct of Defendant was willful, wanton, and in reckless

disregard of the statutory rights of Plaintiff, as to entitle her to an award of

punitive damages against Defendant, to deter it, and others, from such conduct

in the future.

35.     Plaintiff is entitled to recover reasonable attorneys' fees and

litigation expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory

judgment that the retaliation against Plaintiff by Defendant was a violation of

Plaintiff's rights under the PDA and Title VII; require that Defendant make

Plaintiff whole for her losses suffered as a result of the discrimination through

reinstatement, or, if that is not practical, through an award of front pay and/or

promotion; grant Plaintiff a judgment against Defendant for damages,

including punitive damages; award Plaintiff her reasonable attorney's fees and

litigation expenses against Defendant, and provide any additional relief that

this Court deems just.

## COUNT II
## RETALIATION UNDER PDA AND TITLE VII

36.     Plaintiff realleges and adopts the allegations contained in

paragraphs 1-29, as if fully set forth in this Count.

37.     The acts of Defendant by and through its agents and employees,

violated Plaintiff's rights against being retaliated against for opposing

8

discrimination under the PDA and Title VII, and requesting reasonable accommodations.

38.    Plaintiff engaged in a protected activity when she complained to management regarding Defendant's illegal and discriminatory conduct, and for requesting reasonable accommodations.

39.    Defendant retaliated against Plaintiff because of her opposition to Defendant's illegal and discriminatory conduct, and for requesting reasonable accommodations.

40.    Defendant's termination of Plaintiff was casually connected to Plaintiff's objections to Defendant's mistreatment and unlawful conduct, and Plaintiff's request for reasonable accommodations.

41.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

42.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

43.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable

harm.

**WHEREFORE**, Plaintiff prays that this Court will issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the PDA and Title VII; require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay and/or promotion; grant Plaintiff a judgment against Defendant for damages, including punitive damages; award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant, and provide any additional relief that this Court deems just.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 7th day of July 2022.

By: /s NOAH E. STORCH
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email:
noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*